FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **GODDESS YOUNG,** | |
| **Plaintiff,** | CASE NO.: |
| | <u>Jury Trial Demanded</u> |
| v. | |
| **THE UNIVERSITY OF PHOENIX, INC.,** | 8:17 cv 1364 T 33 AAS |
| **Defendant.** | |
| _____/ | |

## COMPLAINT FOR DAMAGES

Plaintiff, Goddess Young, by and through undersigned counsel, files suit against The University of Phoenix, Inc., and states as follows:

### NATURE OF ACTION

1.  Plaintiff brings this action pursuant to 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"). Fundamentally, this case concerns the Defendant's refusal to respect Plaintiff's personal legal rights in its attempts to collect an alleged debt.

### JURISDICTION AND VENUE

2.  Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings a claim under the TCPA, 47 U.S.C. § 227 *et seq. See* <u>Mims v. Arrow Fin. Serv., LLC</u>, 132 S.Ct. 740, 753 (2012).

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida. Plaintiff suffered the injuries in Pinellas County, Florida.

1



## PARTIES

4.      Plaintiff, Goddess Young ("Ms. Young" or "Plaintiff"), is a natural person who resides in Pinellas County, Florida, and is also a "person" under 47 U.S.C. § 227 *et seq.*

5.      Defendant, The University of Phoenix, Inc., ("Phoenix" or "Defendant"), is incorporated in Arizona, does business in the State of Florida, and is a "person" under 47 U.S.C. § 227 *et seq.*

6.      Defendant, in the conduct of its business, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

7.      The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

## BACKGROUND

8.      Beginning approximately in 2015, Ms. Young began to receive multiple advertising calls from University of Phoenix, a for-profit institution for higher education, to her cell phone to get Ms. Young to enroll for classes at Phoenix (the "advertising calls").

9.      Ms. Young never applied to enroll for classes at Phoenix. Nevertheless, Phoenix launched a forceful and aggressive advertising campaign to Ms. Young's cell phone. When Ms. Young answered a call on her cell phone from Phoenix, Phoenix would say "this is a great school," and ask "are you interested in attending this school," and "are you looking to go back to school?"

10. In approximately February 2015, Ms. Young told Phoenix to stop calling. Nevertheless, Phoenix continued to call Ms. Young as part of its advertising efforts at a frequency of four to five times a day, three to four days each week.

11. In February 2017, Ms. Young told Phoenix again to stop calling her cell phone. Nevertheless, Phoenix continued to make advertising calls to Ms. Young's cell phone.

12. Phoenix called Ms. Young's cell phone using an automatic telephone dialing system. This was evidenced by the fact that when Ms. Young would answer a call on her cell phone from Phoenix, Ms. Young heard beeps and pauses before a live person appeared on the line. Additionally, Phoenix left pre-recorded voice messages on Ms. Young's cell phone each week.

13. Despite Ms. Young's cease and desist request, Phoenix continues to call Ms. Young through the present.

14. As described below, Defendant's conduct constitutes a violation of the TCPA.

## COUNT I

## VIOLATIONS OF THE TCPA BY PHEONIX

15. This is an action against Phoenix for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

16. Plaintiff re-alleges and reincorporates paragraphs 1 through 14, as if fully set forth herein.

17. Defendant, in the conduct of its business, used an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

18. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

19   Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cell phone using an automatic telephone dialing system without Plaintiff's prior express consent.

20. Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

21. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

22. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

23. Based upon the willful, knowing, and intentional conduct of Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: June 9, 2017                            Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone: (813) 360-1529
Fax:   (813) 366-0832

/s/ _____
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
**PAMELA N. WESTFALL, ESQ.**
Florida Bar No. 106230
e-mail: pwestfall@centroneshrader.com
**Attorneys for Plaintiff**